## NUNN, ADMR., v. HUBACHER.

*Executors and administrators—Settlement of accounts and
distribution—Heir accepted note of co-heir for share of
estate—Not bound for credit represented by face of note,
when—Indemnity bond or court order prerequisite to pay-
ments within one year, when—Approval of final account
and consent to order of distribution, mandatory—Burden
on administrator to prove contract and payment settle-
ment in full—Judgment sustaining exceptions to final
account not reversed on weight of evidence.*

1. Where heir accepted note of her brother for amount due
   her out of estate she was not bound by acceptance and
   possession of note for credit represented by face of note,
   in absence of special stipulation and agreement that
   acceptance of note was in payment of face thereof.
2. Administrator, at his peril, pays out money before expira-
   tion of year from his appointment, unless there is executed
   and delivered an indemnity bond.
3. Requirement that administrator's final account must be
   approved and that it is necessary to secure consent of
   court for an order of distribution is compulsory and
   mandatory.
4. Administrator had burden of showing by preponderance of
   evidence that contract with heir and payments thereunder
   were in full settlement of all claims which she had against
   estate.
5. Where judgment sustaining exceptions to final account of
   administrator did not warrant conclusion that, as matter
   of law, judgment was clearly and manifestly against
   weight of evidence, judgment could not be disturbed.

(Decided April 25, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. Joseph L. Stern,* for plaintiff in error.
*Mr. T. X. Dunigan* and *Mr. A. N. L. McQuade,*
for defendant in error.

SULLIVAN, P. J.   This cause is here on error from the court of common pleas of Cuyahoga county, to which court it was appealed from the probate court, on exceptions filed March 5, 1925, to the final account of William A. Nunn, administrator of the estate of George Busch, deceased, plaintiff in error, sustained by the probate court.

Some $2,800 was available for distribution among two heirs at law of the decedent, and of this sum, as appeared by the account to which exceptions had been taken, $2,600 had been paid to George J. Busch, brother of the defendant in error, Agnes K. Hubacher, in various installments, without making application for an order of distribution, and without demanding execution of an indemnity bond upon the part of the distributees, and without complying with the statute in relation to the approval and confirmation of the final account.

It appears from the record that the administrator was appointed and qualified October 29, 1923, and that before the expiration of a year, and without any authority from the probate court, he paid to the brother $1,000, November 27, 1923, less than a month after the appointment; $400, December 12, 1923; $500, January 15, 1924; $200, March 26, 1924; and $500, April 11, 1924.

From a reading of the record, there is found credible evidence that the administrator acted in good faith in all of these transactions, but the fact still remains that all but $200 of the $2,800 available for distribution was paid in contravention of the statute relating to the procedure of the probate court in the distribution of net assets upon approval of the final account.

There is credible evidence in the record that not until June 14, 1924, did the administrator have any-

thing except a suspicion that George J. Busch was not the only heir at law, about which time he learned that the defendant in error, Agnes K. Hubacher, was a sister and entitled as co-heir at law to one-half of the net estate. It is claimed, however, by the defendant in error, that when application was made to incorporate the sister in the application for letters of administration, subsequent to the discovery of her existence, the administrator opposed the application, and it is claimed that this is proof that the administrator was not wholly unaware of her existence, and that he had some other motive for paying the $2,600 of the $2,800 solely to the brother.

We do not think that the evidence shows any bad faith on the part of the administrator, but his reliance upon the claim that there was but one heir was strengthened by the fact that at his direction George J. Busch was taken before the probate court and there made oath to the administrator's satisfaction that he was the only heir. Subsequent to the discovery of the second heir at law, and after a conference, as appears by the final account of the administrator, under the item "Disbursements," a transaction embodied in the following language took place between the administrator and the defendant in error, Agnes K. Hubacher:

"July 14, paid to Agnes K. Hubacher, on account of her distributive share as heir at law of the deceased (which amount, together with certain cash received by her from George J. Busch, and an $800 note of same date, received from her brother, George J. Busch, was accepted by her in full settlement of her distributive share), $200."

It also appears in said account, at the time that

exceptions were taken, that a transaction embodied in the following language took place:

"Further Report.

"The payments above, hereinabove reported to have been made to George J. Busch on account of his distributive share, were made pursuant to and in reliance upon his representation that he is the sole heir at law of said deceased, and upon discovery that Agnes K. Hubacher is also an heir at law, a settlement was made between the said George J. Busch and Agnes K. Hubacher, under date of July 14, 1924, they being the only heirs at law of said deceased. There are no unpaid debts and there is nothing to administer."

The errors complained of as to the judgment of the common pleas court with regard to the judgment of the probate court sustaining the exceptions to the final account are that the judgment is clearly and manifestly against the weight of the evidence and contrary to law, and that there was error in overruling the motion of plaintiff in error for a new trial.

It appears from the evidence and statement of counsel that the note for $800, mentioned in the excerpts from the account above set forth, has never been paid, and there is no evidence in the record complying with the trend of authorities to the effect that a note is full payment of the amount of its face only when there is an agreement or a stipulation to such effect. Thus it appears as a naked fact that the amount of its face was money due her as an heir at law of the decedent, which the $2,800 in the estate for distribution should have satisfied, had not the administrator apparently relied upon the statement of the brother that he was the only heir.

The administrator made payments of $2,600 to the brother on account of his distributive share, whereas $1,300 of it belonged to his sister, the co-heir at law. In the settlement, the check for $200 was given to the defendant in error, the sister, by the administrator, and delivered to her as herein-before stated, with a promissory note for $800, signed by the brother, George J. Busch, and after-wards indorsed by Lydia Busch, wife of George J. Busch. This note, as before stated, has never been paid. It is clear, therefore, that the sister has suffered to the extent of one-half of the $2,800, but, after crediting the administrator with $200 cash paid at the time of the assessment, if note for $800 had been paid the sum paid her would amount only to $1,000 and there would still be $400 that she is entitled to as a co-heir at law in a net estate of $2,-800. Therefore, it follows that she has only re-ceived the sum of $200 from an estate that owed her a total of $1,400, and thus there remains a bal-ance of $1,200, which would be due her if the estate had been administered as the statute contemplated. The result of the transaction is a loss of $1,200 to the co-heir at law, the sister.

Now, then, the real question to be decided is whether the exceptions to the account were well taken, for the judgment of the common pleas court must apply to that status of the case in probate court in order for us to determine whether its judg-ment was erroneous. We think the proof regard-ing the relationship existing, and all the other cir-cumstances in the case, are insufficient in law to establish the fact that the settlement alleged to have been made with the defendant in error re-ceived her voluntary assent and approval. It does not appear that the acceptance of the note was in

payment of the face thereof, and, consequently, in the absence of such special stipulation and agreement, she is not bound by the acceptance and possession of the note for a credit represented by the face of the note.

It is a well-settled proposition of law that the administrator at his peril pays out money before the expiration of a year from his appointment, unless by an order of court or by the execution and delivery of an indemnity bond. The authority of the probate court would be of no avail under the law, and hence the necessity of an indemnity bond, otherwise the administrator imperils himself.

It is also equally well settled that a final account must be approved, and in addition to approval it is not only customary, but necessary, to secure the consent of the court for an order of distribution, for, thereafter, when distribution is made, it is necessary for the administrator to produce the receipts and represent to the court that the distribution has been made in conformity to the order of the court, as based upon the approval of his final account. This is compulsory and mandatory, and to disregard it is against public policy, as well as in violation of the statutes, for a strict observance of the statutes is the main protection which heirs and legatees have as against the loss of what in law belongs to them from deceased persons.

In counsel for plaintiff in error's able brief authorities are cited on principle to show that an administrator may settle with an heir, and that such transaction is not void, but simply voidable. Notable amongst these cases is *Mitchell* v. *Dunlap,* 10 Ohio, 118. The instant case we do not think comes under the authority of that citation, for the reason that there is not that degree of proof as to

mutuality of consent that would be sufficient, in our judgment, to hold the transaction valid in the face of the entire record in this case.

In the case of *Lindsay* v. *Lindsay*, 28 Ohio St., 157, the right of a guardian to contract and make private settlement of an estate with his ward, after the ward becomes of age, is laid down. We again advert to the record in this case which shows an insufficiency of evidence to the degree necessary to support a contract of the nature asserted.

As has been before stated, the real question back of all error in this case is whether the exceptions to the account should have been sustained or over-ruled, and it is impossible for us, under the record, to come to any other conclusion than that the probate court and the common pleas court both acted in response to the record and the law in sustaining the exceptions to the final account of the administrator.

It must be borne in mind that under *Raab's Estate*, 16 Ohio St., 273, the burden of proof rests upon the administrator.

Upon the question as to whether the agreement of July 14th was a settlement in full with the defendant in error, the law required, in our judgment, that the plaintiff in error show by a preponderance of the evidence that the contract and payments thereunder were in full settlement of all claims which the sister had against the estate on account of co-heirship with her brother. A transaction of this sort is examined by the court with extreme scrutiny, for the reason that the authorities regard such transactions as peculiarly under the eye of the court. Upon this point we quote from *Berkmeyer* v. *Kellerman*, 32 Ohio St., 239, at page 245, 30 Am. Rep., 577:

"*The burden of proof* is on the defendants, to show that the acts, which they claim to be confirmation of the deed, were attended with all the circumstances necessary to give them the effect to confirm it. It is not enough to prove some fact which might amount to confirmation. It must, as we have just seen, be shown that the persons performing the act did so with full information of all the facts bearing on the matter, and of all their rights with regard to them; with the knowledge that the acts they are about to perform will confirm an impeachable transaction; and the acts must have been done freely and voluntarily; with the intention to confirm, with entire freedom from the influence of the former transaction, and without the exercise of any undue pressure to obtain such confirmation."

We have examined the assignment of error that the judgment of the court below is clearly and manifestly against the weight of the evidence, and the record bearing upon this question, under the rules of our Supreme Court and other courts, does not warrant the conclusion that as a matter of law the judgment below is clearly and manifestly against the weight of the evidence. We are therefore bound by the authorities which hold that no matter what the opinion of the reviewing court may be the judgment below cannot be disturbed unless there projects from the record some evidence that shows a mistaken judgment to the extent that it shocks the senses. We find no such status in the record, and, as a matter of law, it is our judgment that under the record in the case we cannot reverse the judgment below on this ground. We cite the following authorities to bear out this conclusion:

"A judgment will not be reversed because the verdict is contrary to the evidence, unless it is manifestly so, and the reviewing court will always hesitate to do so where the doubts of its propriety arise out of a conflict in oral testimony." *Breese v. State,* 12 Ohio St., 146, 80 Am. Dec., 340.

"The court should not set aside the verdict upon mere difference of opinion with the jury." *Remington* v. *Harrington,* 8 Ohio, 508.

"When the evidence is conflicting, a verdict will not be reversed because the evidence against the verdict is strong." *Higgins* v. *Drucker,* 22 C. C., 112, 12 C. D., 220.

It is our judgment that there is no prejudicial error in the record. Holding these views, the judgment of the lower court is hereby affirmed.

*Judgment affirmed.*

VICKERY and LEVINE, JJ., concur.